43271. CULLENS v. PHILLIPS.

SUBMITTED JANUARY 3, 1968—DECIDED FEBRUARY 2, 1968.

*Claude E. Hambrick,* for appellant.

*Nall, Miller, Cadenhead & Dennis, Price Williams,* for appellee.

FELTON, Chief Judge. Even if the allegations of the petition can be construed to allege the actual payment of the money by the plaintiff to the ·defendant, the petition fails to set out a cause of action against the defendant for the return of such money. Although the petition refers to the transaction as a "deposit," it appears to have been rather a speculative investment. In fact, the petition refers to the money as "the aforesaid *invested* sum." (Emphasis supplied.) Although the agreement provides for a sharing of any profits, it neither guarantees any profits nor makes any provision with regard to losses. Furthermore, although the plaintiff was given the right to terminate the agreement, which right she exercised, there was no provision, either express or necessarily implied, for a refund in that event. Cases dealing with deposits, such as *Cooper v. Nat. Bank of Savannah,* 21 Ga. App. 356 (94 SE 611) and *Elbert Sales Co. v. Granite City Bank,* 55 Ga. App. 835 (192 SE 66), therefore, have no application in the present case, in which the plaintiff risked her money on a speculative investment and apparently lost. The petition does not allege that the money placed with the defendant was not invested. Construing the allegation that the defendant has the money "on deposit for plaintiff" most strongly against the pleader, the term "deposit" must be given its legal meaning, i.e., creating an unconditional debt, as hereinabove stated.

The court, therefore, did not err in its judgment sustaining the general demurrer to the petition.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*